Thomas D. Willis, C. H. Gloth and Isaac Wolf, Road Commissioners of Mill Creek Township, Appellants, *v.* the Erie City Passenger Railway Company and the Erie Electric Motor Company.

*Street railways—Switches and turn-outs—Revocation of license.*

Where a street railway company is authorized, not only to construct a railway, but also "necessary turn-outs," such power is not exhausted until both the railway and necessary turn-outs are built, and is not affected by an attempt upon the part of the road commissioners and land owners to withdraw their consent as to unconstructed switches and turn-outs.

Argued April 26, 1898. Appeal, No. 48, Jan. T., 1898, by plaintiffs, from decree of C. P. Erie Co., Sept. T., 1893, No. 3, on bill in equity. Before STERRETT, C. J., McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Bill in equity for an injunction.

The facts appear by the opinion of WALLING, P. J., in Willis v. Ry. Co., ante, p. 56.

*Errors assigned* among others were (1) in modifying the preliminary injunction; (5–9) in second, fourth, fifth and seventh conclusions of law, and fourth finding of fact.

*G. A. Allen* and *Frank Gunnison*, with them *John S. Rilling*, and *L. Rosenzweig*, for appellants.—The road, over which defendants constructed their line of railway, is a country road. They had no statutory right to occupy any part of it. They could occupy it only upon obtaining the consent of the road commissioners of the township, and of the owners of property abutting on the road: Penna. R. R. v. Montgomery Co. Pass. Ry., 167 Pa. 62; Heilman v. Lebanon, etc., Ry., 175 Pa. 188; Heilman v. Lebanon, etc., Ry., 180 Pa. 627; Fidelity Ins., etc., Co. v. Philadelphia, etc., Ry., 6 Dist. Rep. 737.

That the owner of land abutting on a public road is the owner of the land to the center of the road, subject only to the right of the public to use it for traveling upon it, is well established in Pennsylvania by Lewis v. Jones, 1 Pa. 336; Woodring v. Forks Township, 28 Pa. 355; Ball v. Ball, 1 Phila. 36; Paul v. Carver, 24 Pa. 424, and many other cases; and in the case of Pennsylvania Railroad Co. v. Montgomery County Pass. Ry., 167 Pa. 62, the principle was applied to the case of the attempted occupation of a public road by an electric railway company.

A license may be granted by parol, or by writing: Veghte v. Raritan Water Power Co., 4 C. E. Green (N. J.), 142, quoted from 13 Am. & Eng. Ency. of Law, 549, note. Mallott v. Price, 109 Ind. 22, and Dodge v. McClintock, 8 Am. Law Reg. (N. S.) 62, are cases where the license was conferred by written instruments.

At common law a license might be revoked at pleasure: Washburn on Easements, 26; Rerick v. Kern, 14 S. & R. 267; Huff v. McCauley, 53 Pa. 206; Pierce v. McCleland, 133 Pa. 189; Dodge v. McClintock, 8 Am. Law Reg. 62; Blaisdell v. R. R., 51 N. H. 483; Bostock v. Sidebottom, 16 Jur. 1013; Evangelical Lutheran Home v. Buffalo Hydraulic Assn., 64 N. Y. 561; Roberts v. Roberts, 55 N. Y. 275; Allen v. San José Land & Water Co., 15 Lawyer's Rep. Annotated, 93; Darlington v. Painter, 7 Pa. 475; Chestnut Hill, etc., Turnpike Co. v. Piper, 77 Pa. 432; Messinger's App., 109 Pa. 285.

*J. M. Sherwin* and *S. A. Davenport*, with them *T. A. Lamb*, for appellees.—Defendants submit that the principle of law contended for by the plaintiffs, to wit: That the plaintiffs had the right to revoke all rights of the defendants, except as to such track and switches laid at the time of the issuing of the injunction, is not the law of the state of Pennsylvania and never has been: Borough of Pottsville v. People's Ry. Co., 148 Pa. 176; Borough of Wyoming v. Railway Co., 8 Kulp, 113; Reeves v. Phila. Traction Co., 152 Pa. 163; Millvale Borough v. Evergreen Ry. Co., 131 Pa. 19; Alden's App., 93 Pa. 203; Rafferty v. Central Traction Co., 147 Pa. 592; 1 Weimer's Penna. R. R. Law, p. 241; Booth on Street Railways, p. 70, note; People's Pass. Ry. Co. v. Baldwin, 37 Leg. Int. 424; Electric Ry. Co. v. City of Grand Rapids, 47 N. W. Rep. 567.

Courts will not interfere with the change of track from single to double when the public needs warrant it: Hestonville, Mantua, etc., R. R. v. Philadelphia, 89 Pa. 210.

PER CURIAM, October 17, 1898:

This appeal by the plaintiffs was argued with No. 345, January term, 1897, between the same parties, in which the defendants were appellants. In that case an opinion has just been filed affirming the decree.

We are not convinced that there is anything in either of the appellants' specifications of error in this case that require either a reversal or modification of the decree; nor do we think there is anything in either of the questions involved that requires discussion.

Decree affirmed and appeal dismissed at appellants' costs.